NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-2414
_____

PAMELA WILSON,
Appellant

v.

MOBILEX USA, INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 5-09-cv-03606
District Judge: The Honorable Juan R. Sanchez

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 25, 2011

Before: McKEE, *Chief Judge*, SMITH, *Circuit Judge*,
and STEARNS, *District Judge**

(Filed: January 28, 2011)

_____

OPINION
_____

---

* The Honorable Richard G. Stearns, United States District Judge for the District of
Massachusetts, sitting by designation.

SMITH, *Circuit Judge.*

This is an employment-discrimination case. The plaintiff Pamela Wilson asserts that her former employer Mobilex USA fired her on the basis of age and gender, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq.*, and the Pennsylvania Human Relations Act (PHRA), 43 Pa. Cons. Stat. Ann. § 951 *et seq.* The District Court granted summary judgment in favor of Mobilex. Wilson appeals. We will affirm.

## I.

Before moving to the merits, we need to address an issue regarding the record. Wilson was deposed in connection with this lawsuit. Yet she chose not to submit a transcript of her deposition testimony in response to Mobilex's motion for summary judgment. (Mobilex had submitted excerpts of the transcript with its motion, and Wilson assumed that they would be enough.) After the District Court granted Mobilex's motion, Wilson moved for reconsideration; she attached a complete transcript of her deposition and asked the Court to revisit its ruling in light of it. The Court declined the invitation. In the Court's view, reconsideration was not warranted because the testimony was available at the time Wilson filed her response. Wilson asserts that the District Court erred in denying the motion for reconsideration. We review for an abuse of discretion. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163 (3d Cir. 2010).

The District Court acted within its discretion in denying the motion. We have observed that "[a] district court may properly refuse to consider evidence presented in a motion for reconsideration when the evidence was available prior to summary judgment." *Bailey v. United Airlines*, 279 F.3d 194, 201 (3d Cir. 2002) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). The deposition testimony, of course, was available prior to summary judgment. Thus we have considered only the excerpts of the transcript that Mobilex submitted with its summary-judgment motion.

## II.

The summary-judgment record establishes the following undisputed facts. Mobilex, a company that provides mobile x-ray services, hired Wilson as a field technician in early 2001. Things went relatively well until 2007, at which time Wilson began having problems: she refused to do work that she had been assigned, failed to return calls as required, failed to check in with Mobilex's dispatcher as required, had disagreements with coworkers and raised her voice at a coworker on one occasion, used her cell phone while taking a patient's x-ray (about which Mobilex received a complaint), and raised her voice at a staff member in a nursing home (about which the nursing home complained). In January 2008, Mobilex fired Wilson; she was 61 years old at the time. In April 2008, Mobilex hired a 21 year-old male as Wilson's replacement.

ADEA and Title VII claims are governed by the familiar burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). The same analysis applies to age-

3

and gender-discrimination claims brought under the PHRA. *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996); *Chmill v. City of Pittsburgh*, 412 A.2d 860, 871 (Pa. 1980).

Under *McDonnell Douglas*, a plaintiff must shoulder the initial burden of making out a prima facie case of discrimination. If the plaintiff does so, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the employment action. Once the defendant does so, the presumption of discriminatory action is rebutted and the plaintiff must prove that the defendant's stated reasons are a pretext for unlawful discrimination. *McDonnell Douglas*, 411 U.S. at 802–04.

We assume *arguendo* that Wilson made out a prima facie case of age and gender discrimination. Even so, the record does not contain sufficient evidence to rebut Mobilex's explanation that she was fired, not because of age or gender, but because of poor performance, as detailed above. The District Court thus correctly granted Mobilex's motion for summary judgment.[1]

## III.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[1] Although we have excluded Wilson's complete deposition transcript from our consideration, we have reviewed it and do not believe that considering it would change the outcome.

4